STATE OF MAINE                                            SUPERIOR COURT
CUMBERLAND, ss.                                          CIVIL ACTION
                                                         DOCKET NO. CV-17-197

PAMELA H. RATHMELL,

        Plaintiff

v.                                                ORDER ON MOTION IN LIMINE

LESLIE A. ELSTON, DMD and THE
DENTAL OFFICE OF DR. LESLIE A.
ELSTON, LLCPA,

        Defendants

The matter before the court is Defendants Leslie Elston, D.M.D. (Dr. Elston) and The

Dental Office of Dr. Leslie A. Elston, LLCPA's, Motion in Limine to Limit Plaintiff's Claim for

Damages to the Period of Treatment by Defendants. Telephonic hearing on the motion was held

December 8, 2020. For the reasons discussed hereon, the motion is denied.

Background

This case stems from Plaintiff Pamela Rathmell's (Rathmell) dental treatment over a

period of 22 months beginning in September 2014. (Mot. at 1.) The treatment was intended to

restore Rathmell's upper arch using a combination of bridges and crowns. (Opp. at 1.) The

procedure was complex, and involved the installation of a long bridge which became unstable

and ultimately failed. (Opp. at 2.) Dr. Elston continued to attempt to treat Rathmell, ultimately

with no success. *Id.*

After ceasing treatment with Dr. Elston, Rathmell sought the services of Alan Newton,

D.D.S. *Id.* He evaluated the state of Rathmell's dentition and devised a treatment plan, which

involved the removal of some of the work performed by Dr. Elston, a number of implants and

partial dentures. (Opp. at 3.) Beginning in June 2016, Rathmell underwent a full-mouth

1

restoration according to this treatment plan with Dr. Newton and Donald Theriault, D.M.D., an oral surgeon. (Mot. at 2.) The treatment was intensive and took more than a year to complete. (Opp. at 3.)

The parties have agreed that Rathmell is not claiming damages for costs relating to the treatment of her lower arch. They also agree that questions of the cost and emotional distress associated with Dr. Elston's care are for the jury. (Mot. at 3.) They disagree, however, whether she has a viable claim for damages after she discontinued treatment with Dr. Elston. (Mot. at 3.) The matter before the court concerns these disputed damages. Dr. Elston has moved to have them removed from the case on the grounds that Rathmell has failed to provide necessary expert testimony that would support such a claim.

Discussion

The issue before the court is a narrow one. Dr. Elston contends that Rathmell has no admissible evidence to support a damages claim for the subsequent care to her upper arch, stemming either from the cost of care or emotional distress, after she left Dr. Elston's care. She relies on the deposition of Rathmell's expert, Dr. Dario, who she claims agreed that Dr. Elston's care was nothing more than a "detour, a delay, a loop off the path" with no bearing on Rathmell's subsequent care. (Mot. at 5.) Thus, she argues, Dr. Elston cannot be liable for damages stemming from this care, or the emotional distress contemporaneous with it.

Opinion testimony from a qualified expert is admissible where it "will help the trier of fact to understand the evidence or determine a fact at issue." M.R. Evid. 702. "It is an established principle that when the negligence and harmful results are not sufficiently obvious to be within common knowledge, expert evidence is essential to sustain an action for negligence against a physician or a surgeon." *Todd v. Andalkar*, 1997 ME 59, ¶ 6 n.4, 691 A.2d 1215 (citations and

2

quotations omitted). The standard of care and harmful results of the dental treatment at issue in this case is technical enough so as to not be within common knowledge.

Dr. Elston contends that Rathmell's expert agrees with her characterization of the treatment options available to Rathmell after she left her care. She cites sections from Dr. Dario's deposition where he seems to agree that the cost of Rathmell's care with Drs. Theriault and Newton and the treatment options available to her would have been the same if she had never sought care from Dr. Elston. (Ex. A at 102-03, 113.) Rathmell responds by highlighting sections of Dr. Dario's deposition where he unequivocally states that Dr. Elston's treatment resulted in treatment that would not have been necessary otherwise. (Ex. A at 26-28.) Dr. Elston argues that these unequivocal statements were general ones that were effectively recanted by Dr. Dario's responses to subsequent questions.

After reviewing the deposition, the court does not agree with Dr. Elston's portrayal of Dr. Dario's testimony. While Dr. Dario's responses could certainly be reasonably interpreted to undermine a claim Rathmell may have to certain damages after she left Dr. Elston's care, this is properly a question for the jury. The relevant question here is whether Dr. Dario's deposition provides any competent evidence to support a claim for the damages in dispute. The answer to this question is clearly yes.

Throughout Dr. Dario's deposition he makes many statements that could be reasonably relied on by a jury to find that Dr. Elston is liable for some damages arising after Rathmell left her care. At one point, he characterizes Dr. Elston's treatment as "a loop with a cost" and offers some testimony suggesting that the cost of the treatment he would recommend would increase after Dr. Elston's care. (Ex. A at 65-68.) Additionally, he states that Dr. Elston's treatment made subsequent treatment less comfortable for Rathmell. *Id.* He states that, while it is difficult to tell

3

exactly how much of the subsequent harm is attributable to Dr. Elston, the time spent in treatment made certain procedures less likely to succeed. *Id*. at 94-97. When pressed to give a definitive statement as to whether Dr. Elston was responsible for the failure of an implant, he stated that the she was, though assigning fault to such events is not a cut-and-dry thing. *Id*. at 100.

Taking Dr. Dario's deposition as a whole, it seems quite clear that he did not recant his opinion that some amount of the costs after Rathmell left Dr. Elston's care are at least partially attributable to her. There is admissible expert testimony that could support Rathmell's claims. The court will leave it to the jury to determine what weight to give this testimony.

The entry is

> Defendants Leslie A. Elston, DMD and The Dental Office of Dr. Leslie A. Elston, LLCPA's Motion in Limine to limit Plaintiff's claim for damages to the period of treatment by Defendants is DENIED.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _Dec. 18_ , 2020

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 12/18/2020

4